# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1-30,<br><br>*Defendants*. | Case No. 6:22-cv-03111-JAM |

## DEFENDANTS' REPLY SUGGESTIONS IN SUPPORT OF THEIR
## MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT

Charles B. Cowherd   Mo. Bar No. 27087
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone:    417-888-1000
Facsimile:    417-881-8035
ccowherd@spencerfane.com

James R. Carroll (admitted *pro hac vice*)
Michael S. Hines (admitted *pro hac vice*)
Mary E. Grinman (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP**
500 Boylston Street
Boston, Massachusetts 02116
Telephone:    617-573-4800
Facsimile:    617-573-4822
james.carroll@skadden.com
michael.hines@skadden.com
mary.grinman@skadden.com

*Counsel for Defendants*

Dated:  October 7, 2022

# TABLE OF CONTENTS

REPLY POINTS ..........................................................................................................................1

I. THE OPPOSITION'S ARGUMENTS FAIL TO OVERCOME
   PLAINTIFFS' CONCLUSORY RECORDKEEPING FEE ALLEGATIONS....................2

   A. Plaintiffs' Purported "Market Comparisons" For The
      Plan's Recordkeeping Fees Are Not "Meaningful Benchmarks"............................2

   B. Contrary To Plaintiffs' Assertions, The Amended Complaint's
      Unsupported Recordkeeping Fee Allegations Warrant Dismissal..........................5

   C. Plaintiffs' RFP Allegations Do Not Support A Claim Of Imprudence ...................7

II. THE OPPOSITION DOES NOT OVERCOME
    DEFENDANTS' SHOWING THAT THE AMENDED COMPLAINT'S
    INVESTMENT EXPENSE ALLEGATIONS FAIL TO STATE A CLAIM ......................8

III. PLAINTIFFS DO NOT DISPUTE THAT
     THEIR DUTY TO MONITOR CLAIMS ARE DERIVATIVE .......................................10

CONCLUSION.............................................................................................................................10

In *Meiners v. Wells Fargo & Co.*, the Eighth Circuit set forth the pleading standard for complaints alleging a breach of fiduciary duty under ERISA: plaintiffs alleging that "a prudent fiduciary in like circumstances" would have made different choices with respect to a plan "must provide a sound basis for comparison -- a meaningful benchmark." 898 F.3d 820, 822 (8th Cir. 2018) (citation omitted). Plaintiffs' Opposition[1] summarily ignores that standard, while citing dozens of out-of-circuit opinions that purportedly permitted claims analogous to Plaintiffs' to proceed. The Opposition underscores precisely why the Amended Complaint should be dismissed with prejudice.

## REPLY POINTS

Plaintiffs assert that following "[t]he Supreme Court's recent decision in *Hughes v. Northwestern Univ.*, 142 S.Ct. 737," several courts have denied motions to dismiss allegations that are purportedly "analogous" to Plaintiffs'. (Opp. at 2-3.) None of the decisions cited by Plaintiffs are in the Eighth Circuit, and accordingly, none of them are subject to the Eighth Circuit's pleading requirements. (*Id.*) Notably, the only decision within the Eighth Circuit that has applied *Hughes* -- *Riley v. Olin Corp.* -- *did* dismiss claims that are almost identical to the allegations in Plaintiffs' Amended Complaint. No. 4:21-CV-01328-SRC, 2022 WL 2208953 (E.D. Mo. June 21, 2022). In *Riley*, Judge Clark dismissed the plaintiffs' excessive recordkeeping fee and excessive investment management fee allegations, both of which were premised on comparators selected by the plaintiffs, and held that those comparators did not

---

[1] Capitalized terms herein have the same meaning as in Defendants' Suggestions In Support Of Their Motion To Dismiss The First Amended Class Action Complaint (ECF No. 27) ("Moving Brief," cited as "Mov. Br. at __"). Plaintiffs' Suggestions In Support Of Their Opposition To Defendants' Motion To Dismiss The First Amended Class Action Complaint (ECF No. 33) is referred to as the "Opposition" (cited as "Opp. at __").

provide "a sound basis for comparison" and "[could not] serve as [] 'meaningful benchmark[s].'" *Id.* at *4, 5 (citation omitted).

Moreover, multiple appellate court decisions issued in the wake of *Hughes* have affirmed dismissals of complaints that are also analogous to Plaintiffs' Amended Complaint. For example in *Albert v. Oshkosh Corp.*, the Seventh Circuit affirmed dismissal of excessive recordkeeping fee allegations premised on a comparison "with nine other plans that are supposedly prudent" and excessive investment management fees premised on purportedly "similar and less expensive alternatives to the [p]lan's investment options," holding that such allegations did not provide sufficient "context" or a "sound basis for comparison." 47 F.4th 570, 579-80, 582 (7th Cir. 2022) (citation omitted). Similarly in *Smith v. CommonSpirit Health*, the Sixth Circuit dismissed imprudent investment option allegations premised on "inapt comparators" and excessive recordkeeping fee claims premised on an "industry average cost" that lacked sufficient "context." 37 F.4th 1160, 1167, 1169 (6th Cir. 2022).[2]

Like in *Riley*, *Albert* and *Smith*, Plaintiffs' cherry-picked recordkeeping and investment fee benchmarks fail to provide a sound basis for comparison and must be dismissed.

## I. THE OPPOSITION'S ARGUMENTS FAIL TO OVERCOME PLAINTIFFS' CONCLUSORY RECORDKEEPING FEE ALLEGATIONS

### A. Plaintiffs' Purported "Market Comparisons" For The Plan's Recordkeeping Fees Are Not "Meaningful Benchmarks"

Plaintiffs do not dispute that under controlling Eighth Circuit pleading standards, they must "provide a sound basis for comparison -- a meaningful benchmark" in order to

---

[2]  Plaintiffs assert that *Albert* reflects "the minority view of the pleadings necessary to establish plausible claims" and contradicts decisions in the Eighth Circuit and that *Smith* goes "against the grain." (Opp. at 3-4). In fact, *Albert*'s and *Smith*'s rejection of the inapt comparators is entirely consistent with the Eighth Circuit's "meaningful benchmark" standard.

2

plausibly state a claim for breach of the duty of prudence. *Meiners*, 898 F.3d at 822. Plaintiffs have not done so. Instead, Plaintiffs merely cite to generic comparators in an attempt to support their claim that the Plan's recordkeeping fees were excessive: (1) alleged recordkeeping fees paid by other plans for unspecified services and (2) a discovery stipulation from an unrelated recordkeeper in an unrelated lawsuit. As Judge Clark explained earlier this year in *Riley*, such comparisons are insufficient to state a plausible claim because they fail to "plead that the administrative fees are excessive in relation to the *specific services* the recordkeeper provided to the *specific plan* at issue," and they do not "spell[] out, in any degree of detail, the services the [comparator] plans received in return" for the fees paid. *Riley*, 2022 WL 2208953, at *4 (citation omitted);[3] *see also Albert*, 47 F.4th at 579-80 (affirming dismissal of excessive recordkeeping fee allegations where plaintiff compared the plan's recordkeeping fees "with nine other plans that are supposedly prudent" and had "similar numbers of participants . . . and total assets," holding that such allegations did "not provide 'the kind of context that could move this claim from possibility to plausibility'" (citation omitted)).

Contrary to the Eighth Circuit's insistence on "meaningful benchmark[s]," Plaintiffs argue that their "choice of comparators" is not a basis for dismissal because it "raises issues of fact that require assessment on a more developed record" and a "factually intensive" inquiry. (Opp. at 12-14.) In support, Plaintiffs cite nearly a dozen out-of-circuit decisions, none of which were subject to the "meaningful benchmark" standard set forth by the Eighth Circuit in

---

[3] Plaintiffs attempt to distinguish *Riley* because the court there rejected the plaintiffs' comparisons to a survey conducted by NEPC, and Plaintiffs here "rely on comparators other than the NEPC Survey." (Opp. at 12 n.12.) That's a distinction without a difference. Neither the NEPC survey nor the compactor plans cited by Plaintiffs "spell[] out, in any degree of detail, the services the [comparator] plans received in return" for the fees paid. *Riley*, 2022 WL 2208953, at *4.

3

*Meiners*. Plaintiffs also assert that "[t]he majority of district court decisions from the Eighth Circuit have permitted analogous excessive recordkeeping fee claims to proceed." (Opp. at 1.) However, many of the opinions referenced by Plaintiffs predate the *Meiners* decision, and are therefore inapposite. (*See* Opp. at 1-2 n.4 (citing *Morin v. Essentia Health*, No. 16-CV-4397 (RHK/LIB), 2017 WL 4083133 (D. Minn. Sept. 14, 2017), *report and recommendation adopted*, No. 16-4397 (RHK/LIB), 2017 WL 4876281 (D. Minn. Oct. 27, 2017); *Schultz v. Edward D. Jones & Co., L.P.*, No. 4:16-CV-01346 JAR, 2018 WL 1508906 (E.D. Mo. Mar. 27, 2018); *Wildman v. Am. Century Servs., LLC*, 237 F. Supp. 3d 902 (W.D. Mo. 2017); *Krueger v. Ameriprise Fin., Inc.*, No. 11-CV-02781 (SRN/JSM), 2012 WL 5873825 (D. Minn. Nov. 20, 2012).)

A majority of the other opinions cited by Plaintiffs concern allegations that are materially different from those pled here, and therefore do not support Plaintiffs' excessive recordkeeping fee claims. In *Rohan v. Saint Luke's Health System, Inc.*, for example, the plaintiff alleged that the plan's recordkeeper received excessive fees, in part, "[b]y profiting from the inclusion of [a] proprietary" mutual fund in the plan that was managed by an affiliate of the recordkeeper. No. 4:20-CV-00179-SRB, 2020 WL 8410451, at *2 (W.D. Mo. June 22, 2020) (citation omitted). In *Rosenkranz v. Altru Health System*, the court observed that the plaintiffs had, among other things, pleaded "information gleaned from the 2019 Committee meetings and a 'review of some of the account statements of Plan participants[.]'" No. 3:20-CV-168, 2021 WL 5868960, at *11(D.N.D. Dec. 10, 2021) (citation omitted). A review of the operative complaint in *Rosenkranz* reveals that the plan fiduciaries in that case "recognized at a Committee meeting that fees charged by '[the recordkeeper are] still a little high compared to the median.'" (Hines

4

Decl. Ex. 1 ¶ 114 (*Rosenkranz* Amended Class Action Complaint).)[4] In *Larson v. Allina Health System*, the plaintiffs alleged that "[d]efendants had not renegotiated their contract for recordkeeping with Fidelity for twenty-two years." 350 F. Supp. 3d 780, 800 (D. Minn. 2018). Each of these allegations is a far cry from Plaintiffs' recordkeeping fee allegations here, which are premised on nothing more than inapposite comparator plans.

In a last ditch attempt to save their recordkeeping fee allegations, Plaintiffs assert that "it strains credulity to assume that Defendants obtained RKA services for the Plan that were so far and above what its peers obtained that its off-the charts RKA fees were justified." (Opp. at 14.) This argument highlights why Plaintiffs' cherry-picked comparators cannot serve as the basis for a plausible claim of excessive recordkeeping fees. Of the tens of thousands of retirement plans available to American employees, Plaintiffs opportunistically selected only nineteen of them to compare against the Plan's recordkeeping fees, without any explanation as to why the services provided to the Plan by T. Rowe Price are equivalent to the services received by those cherry-picked nineteen plans. Such inapposite benchmarks do not provide a "sound basis for comparison." *See Meiners*, 898 F.3d at 822.

**B. Contrary To Plaintiffs' Assertions, The Amended Complaint's Unsupported Recordkeeping Fee Allegations Warrant Dismissal**

Plaintiffs do not dispute that the per participant recordkeeping fees alleged in the Amended Complaint are unsupportable. (*See* Mov. Br. at 7-8.) Instead, Plaintiffs characterize their allegations as "minor errors in calculation" and assert that Defendants are merely "quibbling with what the correct total plan cost figures should be." (Opp. at 10, 12.) Not so. As explained in the Moving Brief, Plaintiffs include an entire category of alleged expenses --

---

[4] Citations in the form of "Hines Decl. Ex. __" are to the Declaration of Michael S. Hines, submitted herewith.

revenue sharing -- in their calculation without *any explanation* as to why those expenses should be *added* to the per-participant fee calculation. (Mov. Br. at 7-8.) As recognized by multiple courts, and undisputed by Plaintiffs, revenue sharing fees are frequently rebated back to participants and therefore should, if anything, be *subtracted from* Plaintiffs' per-participant fee calculation. *See, e.g., Albert*, 47 F.4th at 581 (observing that revenue sharing payments may revert back to participants and that "the Form 5500 on which [plaintiff] relies does not require plans to disclose precisely where money from revenue sharing goes"); *Cates v. Trs. of Columbia Univ. in City of N.Y.*, No. 1:16-cv-06524 (GBD) (SDA), 2019 WL 8955333, at *2 (S.D.N.Y. Oct. 25, 2019) (observing that revenue sharing payments "could be used to pay for other plan services or rebated to plan participants"), *report and recommendation adopted*, No. 16 Civ. 6524 (GBD) (SDA), 2020 WL 1528124 (S.D.N.Y. Mar. 30, 2020). Plaintiffs' Opposition does not address this point at all. Rather, Plaintiffs merely explain that they included "other fees as part of the RKA costs" because "[a]s alleged, RKA fees are quite broad and encompass all the fees alleged in the Complaint." (Opp. at 10 n.10.) This circular reasoning (*i.e.*, that "other fees" are part of the Amended Complaint's calculated "RKA costs" because the Amended Complaint alleges that "RKA fees are quite broad") is entirely insufficient to explain why Plaintiffs added *rebated* revenue sharing fees to the per-participant fee calculation.

Moreover, Plaintiffs suggest that the Court should ignore the factual inaccuracies pled in their Amended Complaint, in part, because information about recordkeeping fees "is peculiarly under the control of Defendants and not available to Plaintiffs except through the course of discovery." (Opp. at 11.) But Plaintiffs cannot dispute that the Forms 5500, which Plaintiffs cited repeatedly in the Amended Complaint, are available to the public. (*See* Am. Compl. ¶ 79(H) n.10 ("The Form 5500 is the annual report that 401(k) plans are required to file

6

Case 6:22-cv-03111-BCW   Document 36   Filed 10/07/22   Page 8 of 14

with the DOL and U.S. Department of Treasury pursuant to the reporting requirements of ERISA"); *see also id.* ¶¶ 26, 38, 90 n.11 (citing the Plan's Forms 5500).)[5]  In light of all the information that Plaintiffs had access to, Plaintiffs cannot explain why they chose to plead recordkeeping fee calculations that have "no factual basis." *See Marks v. Trader Joe's Co.*, No. CV 19-10942 PA (JEMx), 2020 WL 2504333, at *6 (C.D. Cal. Apr. 24, 2020) (citation omitted).[6]

### C. Plaintiffs' RFP Allegations Do Not Support A Claim Of Imprudence

Plaintiffs assert that "Defendants do not dispute Plaintiffs' allegations that Defendants did not undertake an RFP process during the Class Period." (Opp. at 10.) Of course, Defendants *do* dispute that allegation which, as Defendants explain in the Moving Brief, is both conclusory and devoid of factual support. (Mov. Br. at 11.) Moreover, as Plaintiffs point out, courts considering a motion to dismiss "look only to the facts alleged in the complaint" (Opp. at

---

[5]      Plaintiffs complain that the six documents submitted with Defendants' Motion To Dismiss "cannot be considered for the truth of their contents." (Opp. at 4 n.6)  Notably, five of Defendants' six exhibits are the Plan's publicly available Forms 5500, which are regularly cited in the Amended Complaint. (*See* Am. Compl. ¶¶ 26, 38, 90 n.11.)  As explained by the Eighth Circuit, and confirmed by many of the cases cited in Plaintiffs' Opposition, "[t]he district court . . . is allowed to look at matters outside the pleadings if those matters are necessarily embraced by the pleadings." *Meiners*, 898 F.3d at 823; *see also Rosenkranz*, 2021 WL 5868960, at *7 ("Though matters outside the pleading may not be considered in deciding a Rule 12 motion to dismiss, documents necessarily embraced by the complaint are not matters outside the pleading." (citation omitted)).

[6]      Plaintiffs' assertion that *Marks* "is no longer good law" (*see* Opp. at 11 n.11) is nonsense. In *Marks*, the court dismissed excessive fee allegations, noting that "[p]laintiffs' guess that the Plan pays $140 per participant for recordkeeping fees has 'no factual basis.'" *Marks*, 2020 WL 2504333, at *6 (citation omitted).  In the related case cited by Plaintiffs -- *Kong v. Trader Joe's Co.* -- the plaintiffs did not "guess" the recordkeeping fees, but instead accurately alleged that the plan paid recordkeeping fees of $48 per participant.  No. CV 20-05790 PA (JEMx), 2020 WL 7062395, at *2 (C.D. Cal. Nov. 30, 2020), *rev'd and remanded*, No. 20-56415, 2022 WL 1125667 (9th Cir. Apr. 15, 2022).  Neither the district court's opinion in *Kong* nor the Ninth Circuit's reversal of that opinion overturned the *Marks* court's holding that a plaintiff's "guess" as to recordkeeping fees is insufficient to state a breach of fiduciary duty claim.

7

2), and therefore Defendants cannot introduce new facts concerning an RFP at the motion to dismiss stage. But Plaintiffs miss the point; even crediting Plaintiffs' allegations concerning the RFP process, Plaintiffs cannot dispute that ERISA does not require plan fiduciaries to regularly solicit competitive bids. (*See* Mov. Br. at 11-12.) Plaintiffs' cases -- none of which require plan fiduciaries to regularly engage in the RFP process -- are not to the contrary. (*See* Opp. at 10.)

## II. THE OPPOSITION DOES NOT OVERCOME DEFENDANTS' SHOWING THAT THE AMENDED COMPLAINT'S INVESTMENT EXPENSE ALLEGATIONS FAIL TO STATE A CLAIM

Plaintiffs do not dispute that their sole allegation in support of their challenge to the Plan fiduciaries' retention of ten of the Plan's thirty investment options is that those options had higher investment management fees than certain median and average fees calculated by the ICI. (*See* Mov. Br. at 12.) Plaintiffs conclusorily assert that the ICI chart "is appropriate because it uses an objective benchmark for measuring fee expenses." (Opp. at 8.) But an "objective" benchmark is not the standard in the Eighth Circuit; rather, the Eighth Circuit requires a "meaningful benchmark." *Meiners*, 898 F.3d at 822. Although Plaintiffs cite decisions by several out-of-circuit courts that have upheld imprudent investment option allegations on the basis of the ICI charts (Opp. at 8-9), none of those courts were subject to the Eighth Circuit's "meaningful benchmark" standard.

Plaintiffs attempt to distinguish *Meiners* by asserting that "in *Meiners*, the plaintiffs' primary claim centered on a comparison between arguably different funds and the defendants' failure to properly manage the investments," while "[h]ere, Plaintiffs' primary claim is Defendants' failure to monitor the Plan's RKA fees." (Opp. at 9 n.9.) That makes no sense. Just like in *Meiners*, Plaintiffs have alleged that certain of the Plan's investment options "were too expensive due to their fees." *Meiners*, 898 F.3d at 823. (*See* Am. Compl. ¶ 69 ("It is unlikely the Defendants engaged in a prudent process from 2016 through 2020 since the Plan

8

contained at least seven funds that had excessive expense ratios when compared to their peers from 2016 to 2020.")). Plaintiffs also assert that they "have alleged comparisons to the ICI Chart *and performance benchmarks*, which are just the 'sound basis for comparison -- a meaningful benchmark' the Eighth Circuit required." (Opp. at 8 n.8 (emphasis added).) This is simply not true; Plaintiffs have not asserted *any performance benchmarks whatsoever*. In fact, as discussed in more detail in the Moving Brief, Plaintiffs' allegations improperly focus exclusively on the costs of the ten challenged investment options and entirely ignore their other features, such as performance. (*See* Mov. Br. at 13-14.)[7]

Plaintiffs additionally assert that Defendants' criticism of the ICI medians and averages as comparators is improper because that "argument raises issues of fact that require assessment on a more developed record." (Opp. at 9.) Not so. As Judge Clark explained in *Riley*, the "Eighth Circuit requires the Court to thoroughly compare challenged funds and putative benchmark funds with regard to fund holdings, investment style, and strategy -- and neither the Plaintiffs nor the ICI data provide any of this required information." *Riley*, 2022 WL 2208953, at *5. Plaintiffs have not -- and cannot -- establish that information about "fund

---

[7] Plaintiffs also misleadingly cite *Karg v. Transamerica Corp.* for the proposition that "[i]n *Meiners*, the Eighth Circuit found that underperformance in comparison to a meaningful benchmark is itself circumstantial evidence of a flawed fiduciary process, not a separate requirement as defendants claim." (*See* Opp. at 9, quoting *Karg*, No. 18-CV-134-CJW-KEM, 2019 WL 3938471, at *6 (N.D. Iowa Aug. 20, 2019) (citation omitted).) Plaintiffs fail to note that in *Karg*, the defendants attempted to argue that it was not enough for the plaintiffs to plead "underperformance in comparison to a meaningful benchmark" because the plaintiffs separately had to plead "circumstantial evidence of a flawed fiduciary process." *Karg*, 2019 WL 3938471, at *6. The court explained that the "[d]efendants misconstrue[d] *Meiners*" and that underperformance of a meaningful benchmark was sufficient to plead a flawed process. *Id.* Here, by contrast, Plaintiffs do not allege "underperformance in comparison to a meaningful benchmark." *Id.*

9

holdings, investment style, and strategy" is not available to them outside of discovery. Indeed, such information is publicly available.

### III. PLAINTIFFS DO NOT DISPUTE THAT THEIR DUTY TO MONITOR CLAIMS ARE DERIVATIVE

Plaintiffs do not dispute that their failure to monitor allegations are derivative of and wholly dependent on their underlying breach of fiduciary duty claims. (*See* Mov. Br. at 15; Opp. at 14-15.) As explained above and in the Moving Brief, Plaintiffs' Amended Complaint fails to state a claim for breach of fiduciary duty (Count I) and the Court should therefore likewise dismiss Plaintiffs' derivative duty to monitor claim (Count II).

## CONCLUSION

For all of the foregoing reasons, and for the reasons set forth in the Moving Brief, Defendants' motion to dismiss should be granted and the Amended Complaint should be dismissed with prejudice.

Dated: October 7, 2022                                    Respectfully submitted,

/s/ *James R. Carroll*
Charles B. Cowherd   Mo. Bar No. 27087
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone:    417-888-1000
Facsimile:    417-881-8035
ccowherd@spencerfane.com

James R. Carroll (admitted *pro hac vice*)
Michael S. Hines (admitted *pro hac vice*)
Mary E. Grinman (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE
   MEAGHER & FLOM LLP**
500 Boylston Street
Boston, Massachusetts 02116
Telephone:    617-573-4800
Facsimile:    617-573-4822
james.carroll@skadden.com
michael.hines@skadden.com
mary.grinman@skadden.com

*Counsel for Defendants*
*O'Reilly Automotive, Inc., The Board of*
*Directors of O'Reilly Automotive, Inc., The*
*O'Reilly Automotive 401(k) Plan*
*Investment Committee, and John Does 1-30*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri, Southern Division, on this 7th day of October 2022, with notice of case activity generated and sent electronically to all counsel of record.

                                        /s/ *James R. Carroll*

Case 6:22-cv-03111-BCW   Document 36   Filed 10/07/22   Page 14 of 14