**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) |
| *Plaintiffs*, | ) Case No. 6:22-3111-CV-S-BCW ) |
| v. | ) ) |
| O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1-30, | ) ) ) ) ) ) |
| *Defendants*. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION**
**FOR LEAVE TO FILE NEW RELEVANT AUTHORITIES (ECF NO. 43)**

Defendants O'Reilly Automotive, Inc., ("O'Reilly"), the Board of Directors of

O'Reilly Automotive, Inc., the O'Reilly Automotive 401(k) Plan Investment Committee, and

John Does 1-30 (collectively, "Defendants") do not oppose Plaintiffs' request for leave to file

*Rodriguez v. Hy-Vee, Inc.*, No. 4:22-cv-0072-SHL-HCA, 2022 WL 16648825 (S.D. Iowa Oct.

21, 2022) and *Coyer v. Univar Solutions USA Inc.*, No. 1:22 CV 0362, 2022 WL 4534791 (N.D.

Ill. Sept. 28, 2022) with the Court. However, neither *Rodriguez* nor *Coyer* lend support for

Plaintiffs' arguments in opposition to Defendants' motion to dismiss.

*First*, the recordkeeping fee analyses in both *Rodriguez* and *Coyer* are

inconsistent with the Eighth Circuit's pleading standard for complaints alleging a breach of

fiduciary duty under ERISA. As laid out in in *Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822

(8th Cir. 2018) and reinforced in *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 278 (8th Cir. 2022), a plaintiff must provide "a sound basis for comparison -- a meaningful benchmark" in order to state a facially plausible claim.  Earlier this year, Judge Clark in the Eastern District of Missouri explained that a "meaningful benchmark" in an excessive recordkeeping claim should include some "degree of detail" with respect to "the services the [benchmark] plans received in return" for the recordkeeping fees paid.  *Riley v. Olin Corp.*, No. 4:21-CV-01328-SRC, 2022 WL 2208953, at *4 (E.D. Mo. June 21, 2022) (dismissing recordkeeping fee claim and holding that the plaintiffs improperly "provide[d] information only at a high level of generality").  Plaintiffs here similarly provide *no* details concerning the recordkeeping services received by the Plan or comparator plans, relying instead on the unsupported assertion that "[t]he services chosen by a large plan do not affect the amount charged by recordkeepers."  (Am. Compl. ¶ 80.)  Contrary to the Eighth Circuit standard, the Southern District of Iowa accepted such generalized assertions in *Rodriguez*.  *See Rodriguez*, 2022 WL 16648825, at *11 (observing that "the Court must accept as true the Complaint's allegation that all recordkeepers in large plans provide the same range of services").  Similarly in *Coyer* -- an out-of-circuit opinion from the Northern District of Illinois -- the court did not require the plaintiffs "to provide examples of similar plans receiving the *same* services in the *same* year" and accepted the plaintiffs' assertion that "the primary drivers of price in large plans" did not include the specific services rendered by the recordkeeper.  *Coyer*, 2022 WL 4534791, at *5.  Neither analysis can be squared with the Eighth Circuit's insistence on "meaningful benchmarks," and this Court should therefore rely on the more well-reasoned *Riley* decision.

   *Second*, both *Rodriguez* and *Coyer* support Defendants' arguments for dismissal of Plaintiffs' investment option allegations.  Like Plaintiffs here, the *Rodriguez* plaintiffs alleged

that certain funds in their retirement plan "ha[d] excessive investment management fees, as measured against the median and average level of fees charged in 'similarly-sized' 401(k) plans according to an ICI Study." *Rodriguez*, 2022 WL 16648825, at *4.  The court dismissed those claims, concluding that "[t]he ICI Study [i]s [n]ot a [m]eaningful [b]enchmark" for the challenged investment options because, among other "shortcomings of the ICI Study as a benchmark," the Study improperly "calculates median expense ratios without differentiating between actively and passively managed mutual funds." *Id.* at *4, 5.  Similarly in *Coyer*, the court dismissed the plaintiffs' allegations that defendants imprudently retained certain expensive and underperforming funds in their retirement plan, holding that the "plaintiffs rel[ied] on an improper comparison between index funds and actively managed funds, which is an 'apples-to-oranges' comparison." *Coyer*, 2022 WL 4534791, at *5-6.  Like in *Rodriguez* and *Coyer*, Plaintiffs here offer only the ICI Study as a benchmark for the Plan's investment management expenses, which does not distinguish between actively and passively managed investments.  (*See* Defendants' Suggestions in Support of their Motion to Dismiss the First Amended Class Action Complaint (ECF No. 27) at 12-13.)  In addition to "invalidity of the ICI Study as a benchmark," the *Rodriguez* court also held that the plaintiffs' allegations failed to state a claim because they did "not mention anything about the performance of the [challenged] funds, instead focusing entirely on fees." *Id.* at *6.  Here too, Plaintiffs do not allege that a single one of the Plan's challenged investment options underperformed.  (*See* Defendants' Suggestions in Support of their Motion to Dismiss the First Amended Class Action Complaint (ECF No. 27) at 13-14.)  Plaintiffs' investment management fee claims should be dismissed for the same reasons laid out in *Rodriguez, Coyer*, and in numerous other decisions cited in Defendants' motion to dismiss briefing.  (*See id.*)

Dated:   December 1, 2022                          Respectfully submitted,

/s/ *James R. Carroll*
Charles B. Cowherd   Mo. Bar No. 27087
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone:     417-888-1000
Facsimile:      417-881-8035
ccowherd@spencerfane.com

James R. Carroll (admitted *pro hac vice*)
Michael S. Hines (admitted *pro hac vice*)
Mary E. Grinman (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE**
  **MEAGHER & FLOM LLP**
500 Boylston Street
Boston, Massachusetts 02116
Telephone:     617-573-4800
Facsimile:      617-573-4822
james.carroll@skadden.com
michael.hines@skadden.com
mary.grinman@skadden.com

***Counsel for Defendants***
***O'Reilly Automotive, Inc., The Board of Directors***
***of O'Reilly Automotive, Inc., The O'Reilly***
***Automotive 401(k) Plan Investment Committee, and***
***John Does 1-30***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri, Southern Division, on this 1st day of December, 2022, with notice of case activity generated and sent electronically to all counsel of record.

/s/ *James R. Carroll*