**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | Case No. 6:22-cv-03111-BCW |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1- 30. | ) ) ) ) ) ) | |
| Defendants. | | |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES IN SUPPORT OF PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Pursuant to this Court's order dated January 4, 2023 (ECF No. 46), Plaintiffs, Erica R. Barrett, Kathleen D. Vincent, Connie Enderle, Edward Q. Ingerson, Penny M. Kenoyer and Gilbert J. Ontiveros, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, hereby respectfully submit this Notice of Supplemental Authorities alerting the Court to the decisions in *Rodriguez v. Hy-Vee,* No. 4:22-cv-00072-SHL-HCA 2022 WL 16648825 (S.D. Iowa Oct. 21, 2022) (attached as Exhibit A) and *Coyer et al. v. Univar Solutions,* 2022 WL 4534791 (N.D. Ill. Sept. 28, 2022) (attached as Exhibit B). Both of these matters, like this matter, allege breaches of fiduciary duty in violation of ERISA § 502, 29 U.S.C. §1132. Of note, *Rodriguez* is a decision from within the Eighth Circuit, and was issued after *Matousek v. MidAmerican Energy Co.*, No. 21-2749, 51 F.4th 274 (8th Cir. Oct.12, 2022); *Coyer*

is from within the Seventh Circuit, the same Circuit as *Albert v. Oshkosh Corp*., 47 F.4th 570 (7th Cir. Aug. 29, 2022). Defendants rely in part on *Oshkosh* and *Matousek* in their Reply Suggestions in Support of Their Motion to Dismiss the First Amended Class Action Complaint (ECF No. 36). Plaintiffs submit this filing in support of Plaintiffs' Suggestions in Support of their Opposition to Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 33).

    **(1)**     ***Rodriguez v. Hy-Vee, Inc***

While applying the Eighth Circuit's *Matousek* decision, the court in *Rodriguez v. Hy-Vee* denied a motion to dismiss excessive recordkeeping fee claims. 2022 WL 16648825 (S.D. Iowa Oct. 21, 2022). Specifically, the court rejected defendants' argument that "potential differences in the scope of services offered by Hy-Vee's recordkeeper versus those offered in the comparator plans is a reason to conclude the comparators are not meaningful benchmarks." *Id*. at *11. As relevant here, because of the similarity in Plaintiffs' allegations and the allegations in *Rodriguez*, the court said the following about plaintiffs' recordkeeping allegations:

> The Court must decide whether Plaintiffs have provided a 'meaningful benchmark' against which those recordkeeping fees can be compared. Plaintiffs attempt to do so by identifying seven 'Comparable' 401(k) plans with recordkeeping fees between $21 and $34 per year, as well as a stipulation from Fidelity in litigation in the District of Massachusetts that the value of recordkeeping services provided to plan participants was somewhere between $14 and $21 per participant per year starting in 2014. (ECF 1, ¶¶ 93, 94, 96.) Plaintiffs also identify several relatively recent cases in which evidence was offered (sometimes by an expert for plaintiffs) that the market rate for recordkeeping fees was as low as $18 and no higher than $45 per participant per year. (ECF 1, ¶ 97 & fn. 14.) Defendants, in turn, offer several arguments for why these are not appropriate benchmarks.
>
> Defendants' arguments are largely unpersuasive…. Plaintiffs' Complaint does not become implausible simply because it identifies plans that are not exact enough in size compared to the Hy-Vee Plan. *See Parmer*, 518 F. Supp. 3d at 1307 (denying motion to dismiss as to recordkeeping fees where plaintiffs alleged "that the recordkeeping fees far surpass the market rate for those services")…. It is inconsistent for Defendants, on the one hand, to criticize Plaintiffs for not picking the right comparators from the limited universe (0.1%) of large 401(k) plans with more than $1 billion in assets and 10,000 participants, yet also criticize them for not

2

picking enough comparators based on the entire universe of 401(k) plans, the overwhelming majority (99.9%+) of which are far smaller than the Hy-Vee Plan. Defendants' inconsistency is troubling.

*Id.* 2022 WL 16648825 at *9-10. Based on the reasoning in *Rodriguez*, the instant recordkeeping allegations are sufficient even under *Matousek*.

**(2)** ***Coyer v. Univar Sols. USA Inc***

*Albert v. Oshkosh Corp*. has not changed the prevailing legal standard for breach of fiduciary duty claims in ERISA cases, but simply applied that legal standard to the factual allegations in the complaint before it and found them lacking. *Oshkosh* observed that "recordkeeping claims in future cases could survive the 'context-sensitive scrutiny of a complaint's allegations' courts perform on a motion to dismiss." 47 F.4th at 580 (quoting *Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014)).

That is precisely what happened in *Coyer v. Univar Sols. USA Inc*., No. 1:22 CV 0362, 2022 WL 4534791 (N.D. Ill. Sept. 28, 2022). The court in Coyer held plaintiffs' pleadings do not need to present comparisons to "…plans receiving the <u>same</u> services in the <u>same</u> year where, according to plaintiffs, the primary drivers of price in large plans are the number of accounts and whether the plan's fiduciaries solicited competitive bids, rather than the marginal cost of recordkeeping for each participant." *Id*. at * 5 (emphasis in original). The recordkeeping allegations in Coyer are similar to the allegations made by Plaintiffs: a jumbo plan should be able to negotiate low record keeping and administration fees, and the main driver of recordkeeping costs is the number of plan participants. Am. Compl., ¶¶ 10, 11; 83. The *Coyer* court also noted that under ERISA, plaintiffs' pleadings are not required to show a level of precision that is impossible before discovery is conducted. *Id*. at *3. The context of Plaintiffs' allegations

3

incorporates multiple sources to plausibly allege "[b]y way of comparison … what other plans are paying for recordkeeping and administrative costs." ¶¶ 91-99.

Lastly, Plaintiffs allege "[g]iven the size of the Plan's assets during the Class Period and total number of participants, in addition to the general trend towards lower recordkeeping expenses in the marketplace as a whole, the Plan could have obtained recordkeeping services that were comparable to or superior to the typical services provided by the Plan's recordkeeper at a lower cost." Am. Compl., ¶ 99. The *Coyer* court found a similar allegation to plausibly allege imprudence. *See* 2022 WL 4534791, at *5 ("The court agrees with plaintiffs' assertion that '[t]he fact that each of the other similarly-sized plans were receiving at least the same services for less provides the kind of circumstantial evidence sufficient to create an inference of imprudence," citing *Sweda v. Univ. of Pennsylvania*, 923 F.3d 320, 332 (3d Cir. 2019)). Thus, The Amended Complaints' comparisons, including comparisons to other plans recordkept by national recordkeepers robustly allege imprudence by Defendants.

## Conclusion

For these reasons, and for the reasons Plaintiffs set forth in their Opposition, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.

Dated: January 5, 2023

Respectfully submitted,

**CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 5, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to all attorneys of record.

*/s/Mark K. Gyandoh*