# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1- 30. <br><br> Defendants. | Case No. 6:22-cv-03111-BCW |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY

Plaintiffs, Erica R. Barrett, Kathleen D. Vincent, Connie Enderle, Edward Q. Ingerson, Penny M. Kenoyer and Gilbert J. Ontiveros, individually and on behalf of all others similarly situated (collectively, "Plaintiffs"), by and through their attorneys, hereby respectfully submit this Notice of Supplemental Authority notifying the Court of the decision in *In re Sutter Health ERISA Litigation,* No. 1:20-cv-01007-JLT (E.D. Cal. Feb. 9, 2023) (attached as Exhibit A). Like the instant matter, Plaintiffs in *Sutter Health* advanced analogous breaches of fiduciary duty in violation of ERISA § 502, 29 U.S.C. §1132. Plaintiffs submit this filing in support of Plaintiffs' Suggestions in Support of their Opposition to Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 33).

### *In re Sutter Health ERISA Litigation*,

The court in *In re Sutter Health ERISA Litigation* denied the defendants' motion to dismiss the plaintiffs' recordkeeping claims after defendants attempted to argue the plaintiffs provided "imperfect comparators" based on lack of details regarding the services obtained by the comparator plans. *Id.* at 17:20. The court disagreed and held, "It is sufficient at this stage that Plaintiffs allege specific facts supporting their claims that the Plan's fees and Total Plan Cost were excessive for its size. On these facts, the Court can draw a plausible inference that Defendants failed to act prudently when negotiating fees and costs for the Plan." *Id*. at 17:27-18: 6 (*citing Johnson v. Fujitsu Tech. & Bus. Of Am., Inc.*, 250 F.Supp.3d 460, 467(N.D. Cal. 2017)). In sum, the court agreed that at the motion to dismiss stage, extra details pertaining to comparator funds' services were not required for plaintiffs to successfully plead imprudent recordkeeping fees where plaintiffs allege that the plan's fees were excessive based on the size of the plan. Here, Plaintiffs have done just that. Plaintiffs offer sufficient comparators to support their inferences including the Brightscope/ICI study indicating the excessive expense ratio of Plan funds drove up Plan costs, charts with nineteen comparator plans similarly situated or even smaller than the Plan paying less in fees than the Plan, caselaw instructing fees were declining in the marketplace while the Plan's fees were increasing, and the stipulation by Fidelity. Am. Compl. (ECF No. 24), ¶¶ 67-69, 74-75, 93-97. Notably, the *Sutter* court also upheld the use of the same Brightscope/ICI study used by Plaintiffs here. *Sutter Health,* No. 1:20-cv-01007-JLT at 17:11-27.

Also, like the instant Defendants, the *Sutter* defendants attempted to argue the complaint did not allege sufficient facts regarding defendants' imprudent *processes*. The court rejected these arguments holding that "'[t]o state a claim for breach of fiduciary duty [under ERISA], a complaint does not need to contain factual allegations that refer directly to the fiduciary's knowledge, methods, or investigations at the relevant times.'" *Sutter Health,* No. 1:20-cv-01007-JLT at 15:8-

21 (*citing Terraza v. Safeway Inc.*, 241 F. Supp. 3d 1057, 1070 (N.D. Cal. 2017)). Courts may infer imprudent processes based on the circumstances alleged. Here it can be reasonably inferred that Defendants' processes, or lack of, were deficient based on participants paying recordkeeping fees so far and above what similarly situated plans paid, maintaining certain funds in the Plan despite the availability of identical or similar investment options with lower expense ratios, and not conducting an RFP even though the Plan experienced an increase in already high RKA fees while market trends saw fees decreasing. ¶¶ 67-98.

Lastly, the *Sutter* Defendants, like Defendants here, contested the Plaintiffs' method of calculating recordkeeping fees using the IRS from 5500s. The *Sutter* court held "Defendants' complaints regarding Plaintiffs' calculations and benchmarks in the FAC, … are of no moment to the sufficiency analysis, as disputes over these factors are inappropriate at the motion to dismiss stage." *Sutter Health,* No. 1:20-cv-01007-JLT at 16:22-25. Thus, Plaintiffs have provided sufficient facts to state a claim for breach of fiduciary duty under ERISA.

**CONCLUSION**

For these reasons, and for the reasons Plaintiffs set forth in their Opposition, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Plaintiffs' First Amended Class Action Complaint.

Dated:  February 28, 2023                     Respectfully submitted,

                                            **CAPOZZI ADLER, P.C.**

/s/ Mark K. Gyandoh
Mark K. Gyandoh, Esquire
312 Old Lancaster Road
Merion Station, PA 19066
Tel: (610) 890-0200
Fax: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey, Esquire
2933 North Front Street
Harrisburg, PA 17110
Tel: (717) 233-4101
Fax: (717) 233-4103
Email: donr@capozziadler.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2023, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: */s/ Mark K. Gyandoh*
Mark K. Gyandoh, Esq.