# UNITED STATES DISTRICT COURT FOR
# THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated,<br><br>                Plaintiffs,<br>v.<br><br>O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1- 30.<br>                Defendants. | Case No. 6:22-cv-03111-JAM |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE NEW RELEVANT AUTHORITIES IN SUPPORT OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Erica R. Barrett, Kathleen D. Vincent, Connie Enderle, Edward Q. Ingerson, Penny M. Kenoyer and Gilbert J. Ontiveros, individually and on behalf of all others similarly situated (collectively, "Plaintiffs") by and through their attorneys, hereby respectfully request leave to file the attached Plaintiffs' Notice of Supplemental Authorities (Exhibit 1), which attaches and discusses new relevant authorities in support of Plaintiffs' Suggestions in Support of their Opposition to Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 33). In support of this Motion for Leave, Plaintiffs aver as follows:

      1. On September 2, 2022, Defendants filed their motion to dismiss the First Amended Class Action Complaint and Suggestions in Support. *See* ECF Nos. 26 and 27. Plaintiffs filed their Suggestions in Opposition on September 23, 2022. *See* ECF No. 33. On

1

October 7, 2022, Defendants filed their Reply Suggestions. *See* ECF No. 36.

2. Recently, several new relevant decisions supporting Plaintiffs' Suggestions in Opposition were issued, upholding excessive recordkeeping claims similar to those alleged by Plaintiffs. Attached hereto to proposed Exhibit 1 are the following decisions (1) *Hughes v. Northwestern University*, No. 18-2569 No. 1:16-cv-08157, (7th Cir. Mar. 23, 2023) (attached as Exhibit A); (2) *Brown et al. v. Mitre Corp.*, No. 22-cv-10976-DJC (D. Mass. Mar. 6, 2023) (attached as Exhibit B); (3) *Lucero et al v. Credit Union Ret. Plan Ass'n et al.,* No. 1:22-cv-00099-LM (W.D. Wis. Mar. 9, 2023) (attached as Exhibit C); (4) *Norton et al v. Mass General Brigham Inc. et al*, No. 1:22-cv-10045-AK (D. Mass. Mar. 15, 2023) (attached as Exhibit D); (5) *Monteiro et al v. The Children's Hospital Corp. et al,* No: 1:22-cv-10069 (D. Mass Mar. 15, 2023) (attached as Exhibit E); and (6) *Stengl et.al. v. L3Harris Technologies, Inc. et. al*., No: 6:22-cv-572-PGB-LHP (M.D. Fla. Mar. 24, 2023) (attached as Exhibit F).

3. In *Hughes v. Northwestern University*, No. 18-2569 No. 1:16-cv-08157, (7th Cir. Mar. 23, 2023) the court applied to the Supreme Court's instruction for the case on remand and denied the motion to dismiss recordkeeping claims because "[a] court's role in evaluating pleadings is to decide whether the plaintiff's allegations are plausible—not which side's version is more probable." *Hughes*, No. 18-2569 at *20.

4. In *Brown et al. v. Mitre Corp.*, No. 22-cv-10976-DJC (D. Mass. Mar. 6, 2023) the court denied the defendants' motion to dismiss, holding that allegations need not include the details of services obtained by Plaintiffs' comparators at the motion to dismiss stage where "Plaintiffs have plausibly alleged that there are two types of recordkeeping services provided by all national recordkeepers for large plans and that the Committee failed to use its substantial bargaining power to obtain these same services at a lower cost." *Brown,* No. 22-cv-10976-DJC

at 10.

5. In *Lucero et al v. Credit Union Ret. Plan Ass'n et al.,* No. 1:22-cv-00099-LM (W.D. Wis. Mar. 9, 2023) the court denied the defendants' motion to dismiss holding that, among other things, a disparity in fees paid by similarly situated plans plausibly alleges imprudence because "A cheaper plan isn't necessarily better, but the difference is so significant that it provides some basis for inferring that defendants are using an imprudent process to choose investments." *Id*. at 7 (internal citation omitted).

6. In *Norton et al v. Mass General Brigham Inc. et al*, No. 1:22-cv-10045-AK (D. Mass. Mar. 15, 2023) the court held the plaintiffs' allegations were plausibly alleged because "Excessive record keeping fees and the failure to negotiate lower fees in comparison to smaller plans are some factors that may permit a court to make a 'reasonable inference' of breach of fiduciary duties based on the facts that are available."

7. In *Monteiro et al v. The Children's Hospital Corp. et al,* No: 1:22-cv-10069 (D. Mass Mar. 15, 2023) the court relied on the Eighth Circuit case of *Davis v. Washington Univ. St. Louis*, 960 F.3d 478, 484 (8th Cir. 2022) and held "Even if there are alternative, reasonable explanations for Defendants' conduct, at this stage of the litigation, the facts alleged 'provide a sound basis for comparison—a meaningful benchmark'—suggesting that the Active Suite underperformed and that the Plan was needlessly more expensive than similar plans, which supports a plausible claim that the Defendants' actions breached their fiduciary duties."

8. In *Stengl et.al. v. L3Harris Technologies, Inc. et. al*., No: 6:22-cv-572-PGB-LHP (M.D. Fla. Mar. 24, 2023), the court reinforced the totality of the circumstances requirement for evaluating pleadings under ERISA and held "[w]hile many of these allegations in isolation are insufficient, taken as a whole and interpreted in the light most favorable to

Plaintiffs, it is at least plausible that Defendants breached their fiduciary duty of prudence." *Stengl*, No: 6:22-cv-572-PGB-LHP at 20.

9. Here, like the plaintiffs in *Hughes*, *Brown, Lucero, Norton*, *Montiero,* and *Stengl,* Plaintiffs have alleged claims that Defendants subjected Plan participants to excessive recordkeeping and administrative fees, failed to leverage the Plan's size to negotiate the recordkeeping fees, failed to remain informed about overall trends in the marketplace with respect to the fees paid by comparably sized plans, and failed to obtain and monitor prudent investments. Plaintiffs respectfully submit *Hughes*, *Brown, Lucero, Norton*, *Montiero,* and *Stengl* as persuasive authority regarding the analysis of what constitutes adequate recordkeeping allegations.

WHEREFORE, Plaintiffs respectfully request that the Court grant this request for leave to file the attached notice of supplemental authority in support of Plaintiffs' Suggestions in Support of their Opposition to Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 33).

Dated: March 28, 2023　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　**CAPOZZI ADLER, P.C.**

　　　　　　　　　　　　　　　　　　　　*/s/ Mark K. Gyandoh*
　　　　　　　　　　　　　　　　　　　　Mark K. Gyandoh
　　　　　　　　　　　　　　　　　　　　312 Old Lancaster Road
　　　　　　　　　　　　　　　　　　　　Merion Station, PA 19066
　　　　　　　　　　　　　　　　　　　　Telephone: (610) 890-0200
　　　　　　　　　　　　　　　　　　　　Facsimile: (717) 233-4103
　　　　　　　　　　　　　　　　　　　　Email: markg@capozziadler.com

　　　　　　　　　　　　　　　　　　　　Donald R. Reavey
　　　　　　　　　　　　　　　　　　　　2933 North Front Street
　　　　　　　　　　　　　　　　　　　　Harrisburg, PA 17110
　　　　　　　　　　　　　　　　　　　　Telephone: (717) 233-4101
　　　　　　　　　　　　　　　　　　　　Facsimile: (717) 233-4103
　　　　　　　　　　　　　　　　　　　　Email: donr@capozziadler.com

# CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2023, a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

                                                By: /s/ *Mark K. Gyandoh*
                                                          Mark K. Gyandoh, Esq.