IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 6:22-3111-CV-S-BCW |
| v. | ) ) | |
| O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1-30, | ) ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants O'Reilly Automotive, Inc., the Board of Directors of O'Reilly Automotive, Inc., the O'Reilly Automotive 401(k) Plan Investment Committee, and John Does 1-30 (collectively, "Defendants") respectfully submit this Notice of Supplemental Authority in connection with Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 26). In *Williams v. Centene Corp.*, Judge Pitlyk of the Eastern District of Missouri recently dismissed ERISA breach of fiduciary duty allegations that are virtually identical to those alleged by Plaintiffs here. No. 4:22-cv-00216-SEP, 2023 WL 2755544 (E.D. Mo. Mar. 31, 2023) (attached hereto as Exhibit A). As here, the *Williams* plaintiffs alleged that the fiduciaries of Centene Corporation's retirement plan breached their duties under ERISA by (1) "maintain[ing] funds with excessive expense ratios," (2) "allow[ing] the plan's 'total plan cost' to balloon," and (3) "fail[ing] to control the Plan's recordkeeping fees and administrative costs."

*Id.* at \*1 (citation omitted). The court held that none of those theories "adequately support[ed the plaintiffs'] breach-of-fiduciary-duty claim." *Id.* at \*3.

*First*, as here, the *Williams* plaintiffs "rel[ied] exclusively on the 'ICI Median' and 'ICI Average,'" to support their excessive investment management fee allegations. *Id.* at \*4. Judge Pitlyk held "[t]hat reliance [wa]s misplaced" because the ICI data "fail[s] to provide" a "meaningful benchmark" as required in the Eighth Circuit. *Id.* Likewise, Judge Pitlyk dismissed the plaintiffs' "total plan cost" allegations because they, too, relied exclusively on a "general industry average" compiled by the ICI. *Id.* Judge Pitlyk held that "[a] general industry average, without more, cannot serve as a meaningful benchmark." *Id.* Plaintiffs' excessive investment management fee and total plan cost allegations should be dismissed for the same reasons. (*See* ECF No. 27 at 12-13, 14-15.)

*Second*, like Plaintiffs here, the *Williams* plaintiffs purported to support their excessive recordkeeping fee claims by (1) "compil[ing] a list of eight other plans that allegedly pay less in per-participant recordkeeping fees" and (2) citing to "a stipulation filed by the parties in *Moitoso v. FMR LLC*, No. 1:18-cv-12122 (D. Mass.)." *Williams,* 2023 WL 2755544, at \*5. Judge Pitlyk held that "[t]hose allegations do not state a claim." *Id.* at \*4. In particular, she observed that "not all recordkeeping and administrative fees are apples-to-apples," and therefore "reject[ed the p]laintiffs' eight-plan list as a sound basis for comparison, because it lack[ed] sufficient detail." *Id.* at \*5. Judge Pitlyk similarly rejected the plaintiffs' reliance on the *Moitoso* stipulation, noting that because it "does not provide a meaningful comparison, it does not support an inference of imprudence." *Id.* Likewise, Plaintiffs' citation here to the same *Moitoso* stipulation and their comparison of the Plan's alleged recordkeeping fees to nineteen

other plans' alleged recordkeeping fees do not provide the "meaningful comparison" that is required by the Eighth Circuit. (*See* ECF No. 27 at 9-11.)

*Third*, the *Williams* plaintiffs alleged, like Plaintiffs here, that "there is little to suggest that [the d]efendants conduct an appropriate RFP at reasonable intervals" with respect to the plan's recordkeeping fees. *Williams,* 2023 WL 2755544, at *2 (citation omitted). Judge Pitlyk rejected that assertion, observing that the plaintiffs had "not actually allege[d] that [the d]efendants failed to conduct an RFP" and that in any event, there is "no legal foundation" for the allegation that "[p]lan fiduciaries were required to solicit competitive bids on a regular basis." *Id.* at *4. For the same reasons, Plaintiffs' identical allegations are unavailing. (*See* ECF No. 27 at 11-12.)

Dated: April 25, 2023

Respectfully submitted,

/s/ *Michael S. Hines*
Charles B. Cowherd   Mo. Bar No. 27087
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone:    417-888-1000
Facsimile:     417-881-8035
ccowherd@spencerfane.com

James R. Carroll (admitted *pro hac vice*)
Michael S. Hines (admitted *pro hac vice*)
Mary E. Grinman (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE
  MEAGHER & FLOM LLP**
500 Boylston Street
Boston, Massachusetts 02116
Telephone:    617-573-4800
Facsimile:     617-573-4822
james.carroll@skadden.com
michael.hines@skadden.com
mary.grinman@skadden.com

*Counsel for Defendants*
*O'Reilly Automotive, Inc., The Board of Directors*
*of O'Reilly Automotive, Inc., The O'Reilly*
*Automotive 401(k) Plan Investment Committee, and*
*John Does 1-30*

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri, Southern Division, on this twenty-fifth day of April, 2023, with notice of case activity generated and sent electronically to all counsel of record.

/s/ *Michael S. Hines*