UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1- 30.<br><br>Defendants. | Case No. 6:22-cv-03111-JAM<br><br>**Granted 4/25/23** |

## PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES

Plaintiffs, Erica R. Barrett, Kathleen D. Vincent, Connie Enderle, Edward Q. Ingerson, Penny M. Kenoyer and Gilbert J. Ontiveros, individually and on behalf of all others similarly situated (collectively, "Plaintiffs") respectfully submit this Notice of Supplemental Authorities notifying the Court of the decisions (1) *Hughes v. Northwestern University*, No. 18-2569 No. 1:16-cv-08157, (7th Cir. Mar. 23, 2023) (attached as Exhibit A); (2) *Brown et al. v. Mitre Corp.*, No. 22-cv-10976-DJC (D. Mass. Mar. 6, 2023) (attached as Exhibit B); (3) *Lucero et al v. Credit Union Ret. Plan Ass'n et al.,* No. 1:22-cv-00099-LM (W.D. Wis. Mar. 9, 2023) (attached as Exhibit C); (4) *Norton et al v. Mass General Brigham Inc. et al*, No. 1:22-cv-10045-AK (D. Mass. Mar. 15, 2023) (attached as Exhibit D); (5) *Monteiro et al v. The Children's Hospital Corp. et al,* No: 1:22-cv-10069 (D. Mass Mar. 15, 2023) (attached as Exhibit E); and (6) *Stengl et.al. v. L3Harris Technologies, Inc. et. al*., No: 6:22-cv-572-PGB-LHP (M.D. Fla. Mar. 24, 2023) (attached as

Exhibit F). Plaintiffs in *Hughes*, *Brown, Lucero, Norton, Monteiro,* and *Stengl* advanced analogous breaches of fiduciary duty in violation of ERISA § 502, 29 U.S.C. §1132. These holdings support Plaintiffs' Suggestions in Support of their Opposition to Defendants' Motion to Dismiss the First Amended Class Action Complaint (ECF No. 33).

### *Hughes v. Northwestern University*

*Hughes* is the long-awaited decision from the Seventh Circuit involving nearly identical recordkeeping fee allegations. In *Hughes*, the court reversed the district court's dismissal of the plaintiffs' recordkeeping fee allegations after the case was remanded from the Supreme Court. *See Hughes v. Northwestern University*, 142 S. Ct. 737 (2022). The court applied the Supreme Court's instruction that ERISA retirement fund cases do not have a higher pleading standard and "[a] court's role in evaluating pleadings is to decide whether the plaintiff's allegations are plausible—not which side's version is more probable." *Hughes*, No. 18-2569 at *20. The court instructed "only obvious alternative explanations should be accounted for." *Id*.

The court was unpersuaded by many of the arguments Defendants here make. The court held that although ERISA does not require soliciting bids for lower recordkeeping arrangements, nor is it not a *per se* violation to use revenue sharing, they may be factors in inferring imprudence because "a fiduciary who fails to monitor the reasonableness of plan fees and fails to take action to mitigate excessive fees may violate the duty of prudence." *Id*. at 22. Additionally, the court differentiated the recordkeeping claims in *Albert v. Oshkosh Corp., et al.,* 47 F.4th 570 (7th Cir. 2022) because "[u]nlike in *Albert*, plaintiffs here assert '[t]here are numerous recordkeepers in the marketplace who are *equally* capable of providing a high level of service to large defined contribution plans like the Plans.' So, plaintiffs maintain that the quality or type of recordkeeping services provided by competitor providers are comparable to that provided by Fidelity and TIAA."

*Id*. at 24 (emphasis in original). Plaintiffs' claims are similarly distinguishable from *Albert* because they allege "the market for recordkeeping is highly competitive, with many vendors equally capable of providing a high-level service." Am. Compl. (ECF No. 24), ¶89. Plaintiffs also allege "the Plan could have obtained recordkeeping services that were comparable to or superior to the typical services provided by the Plan's recordkeeper at a lower cost." *Id*., ¶99. Thus, when applying the Supreme Court's ERISA Retirement Plan pleading standard, like the court in *Hughes*, Plaintiffs have plausibly alleged recordkeeping fee claims notwithstanding any nonobvious alternative explanations Defendants may offer.

### Brown et al. v. Mitre Corp.

The *Brown* court upheld the Plaintiffs' excessive recordkeeping fees and imprudent investment claims after being unpersuaded by the defendants' arguments that the plaintiffs did not provide enough details about the services obtained by the plan or the comparator plans listed in the complaint. The court held "Plaintiffs have plausibly alleged that there are two types of recordkeeping services provided by all national recordkeepers for large plans and that the Committee failed to use its substantial bargaining power to obtain these same services at a lower cost." *Brown,* No. 22-cv-10976-DJC at 10. The court further instructed "Here, given that the Plans remained with the same two recordkeepers for at least fourteen years despite an alleged increase in recordkeeping costs, it is plausible that the Committee was imprudent for not conducting an RFP at reasonable intervals during that time period." *Id*. at 12 (collecting cases finding failure to monitor claims were sufficiently pled where Defendants failed to solicit competitive bids for recordkeeping fees). Plaintiffs here make nearly identical allegations regarding Defendants' failure to conduct RFPs and failure to leverage the Plan's size to lower fees in a marketplace where recordkeepers offer the same services at a lower cost. Am. Comp. (ECF No. 24), ¶¶ 83- 99.

The court also distinguished three of the same cases Defendants here rely on, *Matousek v. MidAmerican Energy Co.,* 51 F.4th 274, 278 (8th Cir. 2022), *Smith v. CommonSpirit Health*, 37 F.4th 1160 (6th Cir. 2022), and *Albert v. Oshkosh Corp.*, 47 F.4th 570 (7th Cir. 2022)). (See Defendants' Motions ECF Nos 36 and 41). The court held *Matousek*, *Smith*, and *Albert* contained materially different allegations than the case at issue. Plaintiffs here have also distinguished their claims from the less robust claims in *Matousek*, *Smith*, and *Albert*. (ECF Nos. 51 and 43). Thus, the authorities Defendants rely on are not persuasive to the instant case.

### *Monteiro et al v. The Children's Hospital Corporation et al.*

In *Monteiro* the court relied on the Eighth Circuit decision in *Davis v. Washington Univ. St. Louis*, 960 F.3d 478 (8th Cir. 2022) when denying dismissal. The court held "[e]ven if there are alternative, reasonable explanations for Defendants' conduct, at this stage of the litigation, the facts alleged 'provide a sound basis for comparison—a meaningful benchmark'—suggesting that the Active Suite underperformed and that the Plan was needlessly more expensive than similar plans, which supports a plausible claim that the Defendants' actions breached their fiduciary duties." *Monteiro*, No: 1:22-cv-10069 (citing *Davis*, 960 F.3d at 484). The court found the plaintiffs' comparison chart of seven similarly sized plans paying less in recordkeeping fees was sufficient support for their allegations that defendants breached their duty of prudence "as a result of unreasonable fees". *Id*. Although *Monteiro* is a case from the First Circuit, its reliance on Eighth Circuit precedent makes it persuasive, especially because Plaintiffs' allegations include more than double the number of comparator plans than in *Monteiro*. ¶¶ 96-98.

### *Lucero et al v. Credit Union Ret. Plan Ass'n et al.*

The court in *Lucero* rejected the Defendants' arguments that the plaintiffs did not support their recordkeeping fee allegations with sufficient facts about the recordkeeping services obtained

by the plan or the comparator plans in the allegation. The court gives several reasons applicable to the instant case: "First, plaintiffs allege in their complaint that there isn't a meaningful difference in the recordkeeping services offered by large plans and that whatever differences there are 'do not affect the amount charged by recordkeepers.'" *Lucero,* No. 1:22-cv-00099-LM at 6. Like the instant matter, the fees in *Lucero* were not simply higher than similarly situated plans, but rather, "the difference is so significant that it provides some basis for inferring that defendants are using an imprudent process to choose investments." *Id*. at 7. Also like the instant matter, the *Lucero* complaint alleged recordkeeping costs should decrease with a larger number of participants, and demonstrated how the plan's fees were higher than plans a lot smaller in size. *Id*.

The *Lucero* court also held there were enough details about the defendants' processes to survive dismissal because it could be inferred "that the fees were so excessive that the other defendants should have known that they needed to intervene." *Id*. at 12. The court instructed the plaintiffs alleged the imprudence "persisted for years, so it is reasonable to infer at the pleading stage that defendants knew about the problem and failed to do anything." *Id*. at 13. Indeed, here Plaintiffs provide circumstantial evidence that for years Defendants failed to intervene on behalf of participants paying excessive recordkeeping and investment management fees. ¶¶ 67-90.

### *Norton et al v. Mass General Brigham Inc. et al*.

The *Norton* court denied dismissal because "[e]xcessive record keeping fees and the failure to negotiate lower fees in comparison to smaller plans are some factors that may permit a court to make a 'reasonable inference' of breach of fiduciary duties based on the facts that are available." *Norton et al v. Mass General Brigham Inc. et al*, No. 1:22-cv-10045-AK (D. Mass. Mar. 15, 2023). The court instructed this is especially true in cases where, like here, a large plan

paid higher fees than comparator plans with less assets. *Id*. The court reasoned that when allegations include a fiduciary's failure to leverage the plan's size to negotiate a fee reduction, and plaintiffs are denied meeting minutes that would contradict their allegations, imprudent processes are sufficiently pled because "In ERISA cases, plaintiffs may not have access to the information that would otherwise enable them to make well-pleaded factual allegations." *Id*. Thus, Plaintiffs here have sufficiently pled excessive recordkeeping fee allegations after being denied meeting minutes. ¶¶ 58-60, 97. Lastly, the court agreed with the reasoning in *Brown*, distinguishing "*Matousek*, *Smith*, and *Albert* because they contained materially different allegations." *Id*.

### *Stengl et.al. v. L3Harris Technologies, Inc. et. al.*

The holding in *Stengl* reinforces the totality of the circumstances requirement for evaluating pleadings under ERISA. The court held "[w]hile many of these allegations in isolation are insufficient, taken as a whole and interpreted in the light most favorable to Plaintiffs, it is at least plausible that Defendants breached their fiduciary duty of prudence." *Stengl*, No: 6:22-cv-572-PGB-LHP at 20. The case instructed "while the ICI Study cannot carry the day by itself even at the motion to dismiss stage, it at least piques the Court's interest that something may be amiss in the management of the Plan due to the contrasting picture it paints" and are worth considering alongside other allegations. *Id*. at 22. Likewise, here plaintiffs' use of the ICI Study is one factor of many creating the inference of Defendants' imprudence.

The *Stengl* court was also unpersuaded the defendants fact-based arguments: "[t]he Court agrees with its sister court in a similar ERISA fiduciary duty case which found that the defendants' arguments, which contended that the plaintiffs' claims were 'factually incorrect' or relied on 'inapt comparators,' were inappropriate at the motion to dismiss stage." *Id*. at 28 (citing *Huang v. TriNet*

*HR III, Inc.*, No. 8:20-cv-2293, 2022 WL 93571, at *8–9 (M.D. Fl. Jan. 10, 2022)). Here too, the court should disregard Defendants' fact-based arguments regarding Plaintiffs' alleged comparators and method for calculating fees.

***

For these reasons, and for the reasons Plaintiffs set forth in their Opposition, Plaintiffs respectfully request that the Court deny Defendants' Motion to dismiss.

Dated: April 25, 2023            **CAPOZZI ADLER, P.C.**

*/s/ Mark K. Gyandoh*
Mark K. Gyandoh
312 Old Lancaster Road
Merion Station, PA 19066
Telephone: (610) 890-0200
Facsimile: (717) 233-4103
Email: markg@capozziadler.com

Donald R. Reavey
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
Email: donr@capozziadler.com

## CERTIFICATE OF SERVICE

I hereby certify that April 25, 2023, on a true and correct copy of the foregoing document was filed with the Court utilizing its ECF system, which will send notice of such filing to all counsel of record.

By: /s/ *Mark K. Gyandoh*
Mark K. Gyandoh, Esq.