IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERICA R. BARRETT, KATHLEEN D. VINCENT, CONNIE ENDERLE, EDWARD Q. INGERSON, II, PENNY M. KENOYER and GILBERT J. ONTIVEROS, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 6:22-3111-CV-S-BCW |
| v. | ) ) | |
| O'REILLY AUTOMOTIVE, INC., THE BOARD OF DIRECTORS OF O'REILLY AUTOMOTIVE, INC., O'REILLY AUTOMOTIVE 401(K) PLAN INVESTMENT COMMITTEE and JOHN DOES 1-30, | ) ) ) ) ) ) ) | |
| *Defendants*. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITIES (ECF NO. 63)

Defendants O'Reilly Automotive, Inc., ("O'Reilly"), the Board of Directors of O'Reilly Automotive, Inc., the O'Reilly Automotive 401(k) Plan Investment Committee, and John Does 1-30 (collectively, "Defendants") respectfully submit this response to Plaintiffs' Notice of Supplemental Authorities (ECF No. 63) ("Notice"). Plaintiffs cite to six out-of-circuit opinions, none of which lend any support to Plaintiffs' arguments opposing dismissal.

### *Hughes v. Northwestern University* (7th Cir.)

In *Hughes v. Northwestern University*, the Seventh Circuit held that "[t]o plead a breach of the duty of prudence under ERISA, a plaintiff must plausibly allege fiduciary decisions outside a range of reasonableness." No. 18-2569, 2023 WL 2607921, at \*9 (7th Cir. Mar. 23, 2023). Applying that standard, the court concluded that the plaintiffs plausibly pled that the

fiduciaries of two retirement plans offered by Northwestern breached their duties under ERISA by "(1) fail[ing] to monitor and incur[ing] excessive recordkeeping fees [and] (2) fail[ing] to swap out retail shares for cheaper but otherwise identical institutional shares." *Id.* at *1.

The *Hughes* plaintiffs alleged that the defendants should have controlled the recordkeeping fees of the two at-issue plans "by soliciting bids from competing providers, negotiating with existing recordkeepers for fee reductions, and consolidating to a single recordkeeper." *Id.* at *10. In particular, the plaintiffs alleged that the two plans together paid *two separate* recordkeepers "between four to five million dollars a year in recordkeeping fees" for approximately 30,000 participants (*i.e.*, averaging between $133 and $167 per participant) compared to an allegedly "more reasonable amount" of $35 per participant. *Id.* at *1, 11. Importantly, the *Hughes* plaintiffs provided examples of plans that were similar to the Northwestern plans, including "[p]lans offered by Loyola Marymount University, Pepperdine University, Purdue University, and California Institute of Technology," which were able to "successfully reduce[] recordkeeping fees by soliciting competitive bids, consolidating to a single recordkeeper, and negotiating rebates." *Id.* at *11. Specifically, the operative *Hughes* complaint details how each of the comparator universities decided to consolidate recordkeeping functions, hired a third party consultant, solicited bids, and ultimately selected a single recordkeeper and decreased costs for plan participants. (*See* Amended Complaint – Class Action ¶¶ 93-101, *Divane v. Nw. Univ.*, No. 16-08157 (N.D. Ill. Dec. 15, 2016), ECF No. 38 (attached hereto as Exhibit A).) Contrary to the Eighth Circuit's pleading standard for breach of fiduciary duty claims under ERISA, the *Hughes* court did not address whether the plaintiffs were required to provide "a sound basis for comparison -- a meaningful benchmark" in order to state their excessive recordkeeping fee allegations. *See Meiners v. Wells Fargo & Co.*, 898 F.3d 820, 822

(8th Cir. 2018); *Matousek v. MidAmerican Energy Co.*, 51 F.4th 274, 278 (8th Cir. 2022). Nevertheless, the *Hughes* plaintiffs *did* provide "a sound basis for comparison" by detailing the actions of four comparator universities that decreased their recordkeeping fee expenses by consolidating to a single recordkeeper. *Hughes*, 2023 WL 2607921, at *11.

Plaintiffs are mistaken that *Hughes* "involv[es] nearly identical recordkeeping fee allegations" to those asserted here. (Notice at 2.) As explained above, the *Hughes* plaintiffs alleged that the Northwestern retirement plan participants paid *two separate* recordkeepers an average of $133 to $167 each year, compared to an allegedly "more reasonable amount" of $35 per participant, which could have been achieved if Northwestern had consolidated to one recordkeeper. *Hughes*, 2023 WL 2607921, at *1, 11. Here, by contrast, there are no allegations about recordkeeper consolidation. (*See* Am. Compl.) Moreover, the recordkeeping fees alleged by Plaintiffs here are substantially lower than those alleged in *Hughes*, ranging from $47 to $88 per participant. (Am. Compl. ¶ 90.) Crucially, unlike in *Hughes*, Plaintiffs have not provided *any* examples of comparable plans that have re-negotiated recordkeeping fees in circumstances that are similar to those faced by the O'Reilly Automotive, Inc. Profit Sharing and Savings Plan (the "Plan"). Instead, Plaintiffs do nothing more than rely on naked fee comparisons "without spelling out, in any degree of detail, the services the [comparator] plans received in return" for those fees. *See Riley v. Olin Corp.*, No. 4:21-CV-01328-SRC, 2022 WL 2208953, at *4 (E.D. Mo. June 21, 2022) (dismissing analogous recordkeeping fee allegations). Plaintiffs' assertion that they "have plausibly alleged recordkeeping fee claims" under *Hughes* despite "nonobvious alternative explanations" misses the point. (Notice at 3.) Defendants have not argued "alternative explanations." Rather, Plaintiffs' claims fail because their bare allegations do not provide "a sound basis for comparison -- a meaningful benchmark" as required by the Eighth

3

Circuit. *Meiners*, 898 F.3d at 822; *Matousek*, 51 F.4th at 278. *Hughes* does not change that pleading failure.

**Plaintiffs' Other Supplemental Authorities**

Plaintiffs' other authorities are all from courts outside of the Eighth Circuit, including three decisions from Massachusetts, one decision from Wisconsin, and one decision from Florida. *See Brown v. MITRE Corp.*, No. 22-CV-10976-DJC, 2023 WL 2383772 (D. Mass. Mar. 6, 2023); *Lucero v. Credit Union Ret. Plan Ass'n*, No. 22-CV-208-JDP, 2023 WL 2424787 (W.D. Wis. Mar. 9, 2023); *Norton v. Mass Gen. Brigham Inc.*, No. 22-10045 (D. Mass. Mar. 15, 2023), ECF No. 69 (available at ECF No. 63-4); *Monteiro v. The Children's Hosp. Corp.*, No. 22-10069 (D. Mass. Mar. 15, 2023), ECF No. 56 (available at ECF No. 63-5);[1] *Stengl v. L3Harris Techs., Inc.*, No. 6:22-CV-572-PGB-LHP, 2023 WL 2633333 (M.D. Fla. Mar. 2, 2023). None of those authorities are consistent with the Eighth Circuit's pleading standard for complaints alleging a breach of fiduciary duty under ERISA, which requires a plaintiff to provide "a sound basis for comparison -- a meaningful benchmark" in order to state a facially plausible ERISA breach of fiduciary duty claim. *See Meiners*, 898 F.3d at 822; *Matousek*, 51 F.4th at 278. In fact, Plaintiffs' authorities acknowledge that their holdings may be inconsistent with the law in other circuits -- like the Eighth Circuit -- which "require[] more precise factual

---

[1] Plaintiffs assert that "[a]lthough *Monteiro* is a case from the First Circuit, its reliance on Eighth Circuit precedent makes it persuasive." (Notice at 4.) However, the Eighth Circuit case on which *Monteiro* relies is wholly distinguishable from the facts alleged here. *See Davis v. Washington Univ. in St. Louis*, 960 F.3d 478 (8th Cir. 2020). In *Davis*, the Eighth Circuit upheld the plaintiffs' allegations that the at-issue retirement plan offered retail share classes of certain investment options even though cheaper institutional share classes were available. *Id.* at 483-84. There are no such allegations here. Moreover, the *Davis* court held that the plaintiffs had failed to state a plausible breach of fiduciary duty claim with respect to specific investments that were purportedly "poor performers and cost too much" because those allegations inappropriately "compar[ed] apples and oranges." *Id.* at 484-85. For the reasons described in Defendants' Motion to Dismiss, Plaintiffs' comparisons here are similarly inept. (*See* ECF No. 27.)

4

allegations." *See, e.g.*, *Norton*, No. 22-10045 at ECF No. 69 (observing that courts outside of the First Circuit have held that "claims of a breach of prudence based on excessive recordkeeping fees required more precise factual allegations to demonstrate that the services of the comparator plans are like the plan at issue," but concluding that "[i]n the absence of First Circuit authority that directly addresses the question, this Court is persuaded by the trend within the First Circuit's district courts of allowing similar complaints to survive motions to dismiss"). Contrary to Plaintiffs' authorities, multiple courts in the Eighth Circuit have granted motions to dismiss claims analogous to Plaintiffs'. (*See* ECF No. 56 at 2-3; *see also* ECF No. 62.)

In short, Plaintiffs' supplemental authorities are inapposite, and Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed with prejudice.

Dated: April 26, 2023					Respectfully submitted,

/s/ *Michael S. Hines*
Charles B. Cowherd   Mo. Bar No. 27087
**SPENCER FANE LLP**
2144 E. Republic Road, Ste. B300
Springfield, Missouri 65804
Telephone:	417-888-1000
Facsimile:	417-881-8035
ccowherd@spencerfane.com

James R. Carroll (admitted *pro hac vice*)
Michael S. Hines (admitted *pro hac vice*)
Mary E. Grinman (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE
 MEAGHER & FLOM LLP**
500 Boylston Street
Boston, Massachusetts 02116
Telephone:	617-573-4800
Facsimile:	617-573-4822
james.carroll@skadden.com
michael.hines@skadden.com
mary.grinman@skadden.com

*Counsel for Defendants
O'Reilly Automotive, Inc., The Board of Directors
of O'Reilly Automotive, Inc., The O'Reilly
Automotive 401(k) Plan Investment Committee, and
John Does 1-30*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically with the United States District Court for the Western District of Missouri, Southern Division, on this twenty-sixth day of April, 2023, with notice of case activity generated and sent electronically to all counsel of record.

/s/ *Michael S. Hines*